UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOEL MANUEL TAYLOR,<br><br>　　　　　Defendant. | Case No. 14-cr-00117-JST-1<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR ISSUANCE OF RULE 17(C) SUBPOENA WITHOUT PREJUDICE** |

Now before the Court is Defendant Joel Taylor's *Ex Parte* Application for Issuance of Indigent Rule 17(c) Subpoena Duces Tecum and To File Same Under Seal, which was submitted to the Court on or about October 20, 2014.[1] On October 21, 2014, the United States filed a letter, urging the Court to deny the application. On October 22, 2014, counsel for Taylor filed a letter in support of Taylor's application and in response to the Government's letter.

Having considered the arguments of counsel, and good cause appearing, the Court will DENY Taylor's application without prejudice.

I.   **FACTUAL BACKGROUND**

Defendant Joel Taylor is charged with a single count of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm. ECF No. 1. Counsel was appointed for Taylor in March 2014. In July 2014, the Court granted Taylor's motion to change counsel, and new counsel was

---

[1] Taylor's application was made *ex parte* and not filed on the docket. Because it is clear from the Government's response that the Government is aware of the contents of the request, see, e.g., ECF No. 28 at 2 (referring to police personnel records), there is no reason for the material not to be filed on the docket. Also, General Order 69 requires that a party applying for a subpoena for the production of state law enforcement officer complaint and personnel records provide notice of the request "to the Government at the time the request is made." The Clerk is ordered to file Defendant's application on the docket.

appointed.  Current counsel first appeared in September 2014.  As of now, there is no trial date, and no motions are set for hearing.

On or about October 20, 2014, Taylor's counsel submitted an *ex parte* application for issuance of a subpoena pursuant to Rule 17(c).  The proposed subpoena seeks the production of materials from the complaint and personnel files of several Oakland Police Department officers.

## II. LEGAL STANDARD

In order for the Court to issue a subpoena pursuant to Federal Rule of Criminal Procedure 17(c), the moving party must demonstrate that:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974) (footnote omitted).

In this district, subpoenas for the production of documents are governed by Criminal Local Rule 17-2, and requests for the production of law enforcement personnel records are specifically governed by Rule 17-2(e).  With regard to the production of complaint or personnel records of state law enforcement officers, the parties must also comply with General Order No. 69, which requires that the United States be given notice when the request is made, and sets forth a procedure for the review and production of records.

## III. DISCUSSION

The Government objects to Defendant Taylor's request on the ground that the subpoenaed materials are not requested in connection with any particular hearing or trial.  The Court concludes that the Government's objection is well-taken.

The test set forth in Nixon uses the term "trial" four separate times – with regard to the relevance of the documents, the need to procure them within a certain period of time, and the effect on the trial if the documents are not timely obtained.  Here, there is no trial date, and therefore no way for Defendant to make the required showing of relevancy or potential prejudice.

2

Of course, many courts – including this one – have held that Rule 17(c) subpoenas may properly issue in connection with hearings, such as pre-trial motions to suppress. See United States v. Wheeler, No. 2:13-CR-00084-APG, 2013 WL 5781731 (D. Nev. Oct. 25, 2013) (authorizing issuance of Rule 17(c) subpoenas in connection with a motion to suppress); United States v. Van Blericom, No. CR 93-165-FR, 1993 WL 414637 (D. Or. Oct. 8, 1993) (same); United States v. Neal, No. 11-CR-00163-WJM, 2011 WL 3648381 (D. Colo. Aug. 18, 2011) (same); United States v. Conerly, No. 13-CR-0717-JST (N.D. Cal. Oct. 21, 2014) (same). But there are no motion hearing dates set in this case.

Defendant cites United States v. Tomison, 969 F. Supp. 587, 593 (E.D. Cal. 1997) for the proposition that "where evidence relevant to guilt or punishment is in a third party's possession and is too massive for the defendant to adequately review unless obtained prior to trial, pre-trial production through Rule 17(c) is necessary to preserve the defendant's constitutional right to obtain and effectively use such evidence at trial." But even assuming that the rule is as stated in Tomison – a question the Court need not decide – the rule does not apply here, because Defendant has not shown that the subpoenaed materials will be "massive." In Tomison, the subpoenaed parties were a corporation, UAE Energy Operations Corporation, and a corporate law firm, LeBoeuf, Lamb, Green and MacRaw, L.L.P. Id. at 597. In that case, there were at least "boxes" of responsive documents. Id. Here, by contrast, the Defendant seeks documents from officers' complaint and personnel files. Such records usually consist of a few pages which can be reviewed in a short period of time, so the exception described in Tomison does not apply.

**CONCLUSION**

For the foregoing reasons, the Court will DENY Defendant Taylor's request for issuance

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

1  of a Rule 17(c) subpoena.  This order is without prejudice to the submission of a new request once
2  the Court has set a motion hearing or trial.
3      IT IS SO ORDERED.
4  Dated:  November 5, 2014



JON S. TIGAR
United States District Judge

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28