UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOEL MANUEL TAYLOR,<br><br>        Defendant. | Case No.14-cr-00117-JST-1<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE**<br>Re: Dkt. No. 129 |

    Defendant Joel Manuel Taylor has filed a motion to disqualify the undersigned judge on the grounds of judicial bias. ECF No. 129. The Court will deny the motion because the accompanying affidavit is legally insufficient to require recusal.

    Motions to disqualify a judge fall under two statutory provisions: 28 U.S.C. § 144 and 28 U.S.C. § 455. "Section 144 provides a procedure for a party to recuse a judge," whereas "[s]ection 455 imposes an affirmative duty upon judges to recuse themselves." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993).

    Under Section 144, a party seeking recusal must file a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. If the affidavit is legally sufficient – i.e., it "state[s] the facts and the reasons for the belief that bias or prejudice exists" – the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits. United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter him or herself. Id.

    Section 455 requires a judge to disqualify himself "in any proceeding in which his

impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. § 455(b)(1).  Unlike Section 144, Section 455 is "directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." Sibla, 624 F.2d at 867-68.  Section 455 does not provide a procedural mechanism to refer the recusal question to another judge.  Id.

The substantive test for personal bias or prejudice is identical under Section 144 and Section 455.  Id.  "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks and citations omitted).  Consequently, an affidavit filed under Section 144 will raise a question concerning recusal under Section 455 as well.  Sibla, 642 F.2d at 867; see also 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3550 (3d ed. 2008) (footnotes omitted) ("It is clear on the face of § 455 that a judge must recuse when there are grounds for doing so.  Thus, a party need not take any action to invoke the statute.  This does not mean, however, that a party cannot suggest to the judge that grounds for disqualification exist, and motions to disqualify a judge under § 455 are not uncommon.").

The Court concludes that Defendant's affidavit fails to establish any basis, under either Section 144 or Section 455, for a determination that the Court's impartiality might reasonably be questioned, and consequently the affidavit is insufficient as a matter of law.  Mr. Taylor's stated reasons for the motion are his disagreement with the Court's recent rulings.  Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial."  United States v. Holland, 519 F.3d 909, 913–14 (9th Cir. 2008); see also Sibla, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").  Judicial rulings may constitute grounds for appeal, but are not a valid basis for a motion for recusal.  See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

1    Plaintiff's motion is legally insufficient to require recusal and will therefore be DENIED.

2    IT IS SO ORDERED.

3    Dated:  September 27, 2016

_____
JON S. TIGAR
United States District Judge